[No. B177713. Second Dist., Div. Four. Oct. 20, 2005.]

THE PEOPLE, Plaintiff and Respondent, v.
JAVIER MENA, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION\*]**

---

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts Factual Background, II, III, and IV.

## COUNSEL

David M. Thompson, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, Mary Sanchez and Theresa A. Patterson, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**WILLHITE, J.**—Defendant Javier Mena was one of five people arrested as they left a hotel room at a Ramada Inn in Norwalk, California. In a search of the room, police found large quantities of methamphetamine, items related to methamphetamine sales, and a .45-caliber pistol concealed in a hamper located between the bedroom and living room areas. The jury convicted defendant of possession of methamphetamine while armed with a firearm (Health & Saf. Code, § 11370.1, subd. (a), count 3), but deadlocked on the charge of possession of methamphetamine for sale (Health & Saf. Code, § 11378, count 1).[1] After the trial court dismissed the possession for sale charge, defendant admitted 10 prior convictions under the "Three Strikes" law (Pen. Code, §§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)). In a bifurcated nonjury trial, the court found an eleventh prior "strike" conviction true. The court sentenced defendant to 25 years to life in state prison.[2]

Defendant appeals from the judgment of conviction. He contends: (1) the trial court erroneously instructed on the "armed" element of count 3, possession of methamphetamine while armed with a firearm; (2) the court erred in failing to instruct on simple possession as a lesser included charge in that count; (3) the court erred in admitting gang evidence and in denying defendant's motion for a mistrial; (4) trial counsel was ineffective; and (5) the evidence was insufficient to support the conviction on count 3.

In the published portion of our opinion, we disagree with *People v. Singh* (2004) 119 Cal.App.4th 905 [14 Cal.Rptr.3d 769] (*Singh*), and hold that the former version of CALJIC No. 12.52, the pattern instruction on possession of a controlled substance while armed with a firearm, adequately conveyed the

---

[1] All further undesignated section references are to the Health and Safety Code.

[2] Defendant was jointly tried with Jose Montano, one of his co-arrestees, who is not a party to this appeal. Montano was convicted of possession of methamphetamine for sale and possession of methamphetamine. He filed a notice of appeal, but the appeal was later dismissed.

mental state required to find the "armed" element of that crime. In the unpublished portion of our decision, we conclude that defendant's remaining arguments are unpersuasive, and affirm the judgment.

## FACTUAL BACKGROUND[*]

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

I. *The Trial Court's Instruction on the "Armed" Element of Count 3 Was Not Erroneous*

Defendant was charged in count 3 with possession of methamphetamine while armed with a firearm (§ 11370.1, subd. (a)). The jury instruction on that charge did not expressly state that to be guilty, defendant must "knowingly" have a firearm available for immediate offensive or defensive use. Relying on *Singh, supra*, 119 Cal.App.4th 905, defendant contends that this omission was error. We conclude, however, that the instructional language implicitly included the element of knowledge, and that there is no reasonable likelihood the jury could have misunderstood. In reaching our conclusion, we disagree with *Singh.*

In instructing on possession of methamphetamine while armed with a firearm, the trial court used the former version of CALJIC No. 12.52, the pattern jury instruction on the crime. In relevant part, that instruction stated: "Every person who possesses any amount of a substance containing methamphetamine while armed with a loaded, operable firearm is guilty of a violation of Health and Safety Code section 11370.1, a crime. [¶] 'Armed with' means *having available for immediate offensive or defensive use.*" (Italics added.) The definition of "armed with" tracked the statutory language of section 11370.1, and did not expressly require a finding that defendant possessed methamphetamine while "knowingly" having a firearm available.

In *Singh*, the court held that the "armed" element of section 11370.1, like the "armed" element of the enhancement allegation under Penal Code section 12022, subdivision (c), requires an element of knowledge. As is the case here, the trial court in *Singh* instructed the jury according to former CALJIC No. 12.52. Without considering the reasonable likelihood of how the instruction would be understood, the court in *Singh* held that "the trial court erred in failing to instruct the jury that defendant had to *knowingly* have the

---

[*]See footnote, *ante*, page 702.

firearm available for immediate offensive or defensive use." (*Singh, supra,* 119 Cal.App.4th at p. 913.) The court determined that the error was harmless, because the trial court properly instructed on the knowledge element in defining an "armed" allegation under Penal Code section 12022, and the jury returned a true finding on that allegation. The court also concluded that the omission of the knowledge requirement in former CALJIC No. 12.52 was likely inadvertent, and urged the CALJIC Committee to change the instruction. (119 Cal.App.4th at pp. 912–913.) The Committee later did so.[5]

■ We agree with *Singh's* conclusion that to be "armed" with a firearm under section 11370.1, one must have knowledge that the gun is available for use. We respectfully disagree, however, that former CALJIC No. 12.52 failed to include that requirement.

■ When a jury instruction is ambiguous, the reviewing court examines the record to determine whether there is a reasonable likelihood that the jury misconstrued or misapplied the instructional language. (*People v. Clair* (1992) 2 Cal.4th 629, 663 [7 Cal.Rptr.2d 564, 828 P.2d 705]; see generally, 6 Witkin & Epstein, Cal. Criminal Law (3d ed. 2000) Reversible Error, § 17, pp. 469–470.) Further, although a specific element is not expressly recited in an instruction, it may nonetheless be implicit in the instructional language used. (*People v. Dieguez* (2001) 89 Cal.App.4th 266, 279 [107 Cal.Rptr.2d 160].)

■ Here, the instruction required a finding that defendant had a firearm "available for immediate offensive or defensive use." This wording necessarily conveys the element of knowledge: one cannot have a firearm "available" for "immediate" use in attack or defense unless one *knows* of its availability for such use. Otherwise, it makes no sense to discuss whether the person has a gun "available" for any "immediate" use at all. We presume the jurors understood the common meaning of the language used, and applied common sense. The instruction does not refer to the mere physical location of the firearm, but rather to its immediate availability to a person for use as a weapon with which to attack or defend. Thus, the jury must have understood that an "armed" finding under the instructional language necessarily included a finding that defendant knew the firearm was available.

■ True, the instruction might have been clearer—it could have expressly stated that " 'armed with' means *knowingly* having available for immediate

---

[5] New CALJIC No. 12.52 states in relevant part: " 'Armed with' means knowingly to carry a firearm or have it available for offensive or defensive use."

offensive or defensive use." But that clarification was not necessary to convey the legal requirements of the charge. In any event, need for clarification does not necessarily equate to instructional error. (See *People v. Reliford* (2003) 29 Cal.4th 1007, 1016 [130 Cal.Rptr.2d 254, 62 P.3d 601] [former CALJIC No. 2.50.01 not erroneous, although clarification was appropriate].) Only when an omission creates a reasonable likelihood that the jury misunderstood or misapplied the law is the instruction fatally flawed. Here, no reasonable interpretation of the instruction on count 3 would permit a finding that defendant was "armed"—that is, had a firearm "available for immediate offensive or defensive use"—without knowing he was "armed."

Though not necessary, other instructions and the attorneys' arguments reinforce our conclusion. The court instructed on the concurrence of conduct and general criminal intent. That instruction applied to both the count 3 charge of possession of methamphetamine while armed with a firearm, and the allegation in count 1 that defendant was armed under Penal Code section 12022, subdivision (c). For both those charges, the instruction required "a union or joint operation of act or conduct and general criminal intent. General intent does not require an intent to violate the law. When a person intentionally does that which the law declares to be a crime, he is acting with general criminal intent, even though he may not know that his act or conduct is unlawful." (CALJIC No. 3.30.)

The armed allegation under Penal Code section 12022 appeared in count 1, which charged defendant with possession of methamphetamine for sale (§ 11378). In defining the armed allegation in that count, the trial court instructed: "The term 'armed with a firearm' means *knowingly* to carry a firearm or have it available for offensive or defensive use." (Italics added.)

Thus, the instructions equated the mental elements of the being "armed" in counts 1 and 3, and also expressly informed the jury of the knowledge requirement of the armed allegation in count 1. The instructions therefore implied that being armed in count 3 also required knowledge.

Further, nothing in the attorney's arguments to the jury carried the implication that defendant could be "armed" in count 1 only if he knew the gun was available, yet could be "armed" in count 3 even if he did *not* know it was available. In his argument, defendant's attorney never mentioned the elements required for a finding defendant was armed. Rather, he pursued an all-or-nothing strategy: the prosecution evidence failed to negate the possibility that someone else controlled the room and its contents; therefore, defendant was guilty of *nothing*.

The prosecutor drew no distinction between the elements of being armed as alleged in count 1 and count 3. The only time the prosecutor argued the legal requirements of being armed, she quoted the instruction on the armed allegation of Penal Code section 12022, subdivision (c) and its requirement of knowledge. She stated: "There's a jury instruction you're going to receive that talks about personally armed. Some of you could be concerned because the gun was found in a hamper. So really was anybody personally armed would be the question that you're asking, but this instruction answers that. [¶] 'The term armed with a firearm means knowingly to carry a firearm or have it available for offensive or defensive use.' [¶] And so as to the allegation that Mr. Mena was personally armed when he was possessing the drugs for sale, the People respectfully request that you find that allegation to be true."

Thus, to the extent the jury's attention was directed to the issue of whether defendant was "armed" within the meaning of the law, the jury was referred to the instructional language that expressly required a finding of knowledge.[6] There is simply no reasonable likelihood that the jury could have been misled into convicting defendant of count 3 without necessarily finding he *knowingly* had a firearm available for immediate offensive or defensive use.[7]

II.–IV.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

---

[6] Defendant argues that the jury "was unable to convict [defendant] of possession of methamphetamine for sale charged in count 1 *or to find true that [defendant] was personally armed with a firearm under [Penal Code] section 12022, subdivision (c)*." (Italics added.) To the extent he *is* asserting that the jury deadlocked on the armed enhancement in count 1 as well as the substantive charge, he is incorrect. The jury's disagreement went only to the charge of possession for sale. The jury never reached the armed allegation under Penal Code section 12022, subdivision (c), and there is no indication in the record that the jurors were unable to agree whether defendant "knowingly" had the gun available. Indeed, when the jury informed the court of the deadlock on count 1, the jury also informed the court that the "verdict re: Possession of a controlled substance with a firearm [is] completed." Hence, before any deadlock on count 1, the jury had already found defendant guilty of count 3, including a finding that he had the firearm "available for immediate offensive or defensive use." As we have noted, such a finding implicitly requires a finding of knowledge.

[7] Defendant contends that if we conclude the trial court had no duty to give a correct instruction on count 3, then his trial counsel was ineffective for failing to request such an instruction. Because we conclude that the trial court's instruction was not erroneous, and there is no reasonable likelihood the jury was misled, we do not discuss the ineffective assistance claim.

*See footnote, *ante*, page 702.

## DISPOSITION

The judgment is affirmed.

Epstein, P. J., and Hastings, J., concurred.

Appellant's petition for review by the Supreme Court was denied February 1, 2006, S139082. Chin, J., did not participate therein. Kennard, J., was of the opinion that the petition should be granted.