Filed 7/16/15  P. v. Rodriguez CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ERIC JAMES RODRIGUEZ,<br><br>    Defendant and Appellant. | 2d Crim. No. B259657<br>(Super. Ct. No. 2013008125)<br>(Ventura County) |

Eric James Rodriguez appeals from the judgment entered after a jury found him guilty of active participation in a criminal street gang (count 1 - Pen. Code, § 186.22, subd. (a)),[1] assault with a deadly weapon (count 2 - § 245, subd. (a)(1)), and making a criminal threat (count 3 - § 422.)  As to count 1, the jury found true an allegation that appellant had personally used a deadly weapon (a knife).  (§ 12022, subd. (b)(1).)  As to counts 1 and 2, the jury found true allegations that appellant had personally inflicted great bodily injury. (§ 12022.7, subd. (a).)  As to counts 2 and 3, the jury found true allegations that the offenses had been committed for the benefit of a criminal street gang, Colonia Chiques.  (§ 186.22, subd. (b)(1).)  Appellant admitted three prior separate prison terms (§ 667.5, subd. (b)), two prior serious felonies (§ 667, subd. (a)(1)), and two prior "strikes" within the meaning of the "Three Strikes" law.  (§§ 1170.12, subds. (a)-(d); 667, subds. (b)-(i).)  The trial court sentenced him to an aggregate term of 86 years to life.

---

[1] All statutory references are to the Penal Code.

Appellant contends that the trial court erroneously failed to give, sua sponte, a unanimity instruction on the criminal threat charge. (§ 422.) Appellant asserts that such an instruction was required because he had made two discrete threats and the People had not elected which one would be the basis for the charge. Appellant also contends that the trial court omitted to instruct the jury on an element of the criminal threat charge.

Appellant argues that the evidence is insufficient to support the gang participation conviction (§ 186.22, subd. (a)) because there is no substantial evidence that at least two members of Colonia Chiques participated in committing a felony offense.

We direct the trial court to correct clerical errors in the Abstract of Judgment and otherwise affirm.

*Facts*

Angel Virgen sold methamphetamine and heroin in territory claimed by the Colonia Chiques criminal street gang. The gang collected "taxes" on her sales. Appellant, a Colonia Chiques gang member, came to Virgen's house to collect the taxes. Virgen spoke to him outside on the porch. She refused to pay and told him to leave. Appellant replied, "I'm going to shoot you, bitch." Virgen was afraid "[b]ecause [she] knew he's capable of doing it." She went inside the house. Appellant remained outside.

About 10 minutes later, Virgen's Uncle Joe arrived at the house. He had been a Colonia Chiques gang member for a long time and was well respected within the gang. Virgen was still afraid of appellant. She asked Uncle Joe to tell him to leave. Uncle Joe went outside, punched appellant in the face, and told him to leave. Appellant left.

Uncle Joe took a shower and left. About five or ten minutes later, some friends of Virgen came to Virgen's house. One of the friends was Jose Pineda, a Colonia Chiques gang member.

About a minute or two after the friends had arrived, appellant returned to the house accompanied by a Colonia Chiques gang member with the moniker of "Flash." Virgen heard appellant saying, "Fuck that bitch, fuck that bitch." Virgen told appellant to leave. She was still afraid of him. Appellant said that he was going to kill her.

2

Pineda stepped between appellant and Virgen. He told appellant to calm down. Appellant stabbed Pineda in the left back. Blood "just squirt[ed] out of" the wound. Appellant "lunged towards [Virgen] and he said, 'Bitch, you're next.' "

Virgen and her friends ran inside the house. Appellant tried to follow them inside, but one of Virgen's friends closed the door to prevent him from entering. Virgen went into the bathroom and locked the door.

After his arrest, appellant bragged to a fellow gang member that he had used a "Rambo knife" to stab Pineda. Appellant said that Pineda had "disrespected" him by calling him a "punk" and a "dope fiend."

*Unanimity Instruction*

Appellant contends that there were two discrete threats: the initial threat to shoot Virgen and the subsequent threat, " 'Bitch, you're next,' " that he made after Pineda had been stabbed. Appellant argues that the trial court erroneously failed to give, sua sponte, a unanimity instruction - CALCRIM No. 3500 - which provides: "The People have presented evidence of more than one act to prove that the defendant committed this offense [i.e., the offense of making a criminal threat]. You must not find the defendant guilty unless you all agree that the People have proved that the defendant committed at least one of these acts and you all agree on which act he committed."

" '[W]hen the evidence suggests more than one discrete crime, either the prosecution must elect among the crimes or the court must require the jury to agree on the same criminal act.' [Citation.] 'When the prosecutor does not make an election, the trial court has a sua sponte duty to instruct the jury on unanimity.' [Citation.]" (*People v. Leonard* (2014) 228 Cal.App.4th 465, 491.)

A unanimity instruction was not required here. During closing argument, the prosecutor elected to rely on appellant's initial threat as the basis for the criminal threat charge. The prosecutor declared: "He [appellant] then tells her [Virgen], 'I'm going to shoot you, bitch.' And then this is where the criminal threat takes place. . . . [T]his is where Count 3 [the criminal threat count] takes place . . . ."

*Alleged Failure to Instruct on an Element of Criminal Threat Offense*

3

Section 422 provides that the threat must cause the victim "reasonably to be in *sustained* fear for his or her own safety or for his or her immediate family's safety." (Italics added.) The court's jury instruction, a modified form of CALCRIM No. 1300, omitted the word "sustained." Appellant asserts that this omission violated his due process rights because the jury was not instructed on all of the elements of the offense of making a criminal threat.

We disagree. The jury instruction included the following sentence: "Sustained fear means fear for a period of time that is more than momentary, fleeting, or transitory." The only reasonable construction of this sentence is that the People must prove that the victim's fear was sustained. Otherwise, the sentence would be pure surplusage. "[A]lthough a specific element is not expressly recited in an instruction, it may nonetheless be implicit in the instructional language used. [Citation.]" (*People v. Mena* (2005) 133 Cal.App.4th 702, 706.)

"True, the instruction might have been clearer - it could have expressly stated that [the victim's fear must be sustained]. But that clarification was not necessary to convey the legal requirements of the charge. In any event, need for clarification does not necessarily equate to instructional error. [Citation.] Only when an omission creates a reasonable likelihood that the jury misunderstood or misapplied the law is the instruction fatally flawed. Here, no reasonable interpretation of the instruction on count 3 would permit a finding that" appellant committed the offense even though Virgen was not in sustained fear for her safety. (*People v. Mena*, *supra*, 133 Cal.App.4th at p. 706.) Our conclusion is supported by the prosecutor's referral to "sustained fear" during closing argument.[2]

If the omission had constituted instructional error, it would have been harmless beyond a reasonable doubt. Virgen's fear lasted "for a period of time that is more than momentary, fleeting, or transitory." (CALCRIM No. 1300.) Virgen testified that, when

---

[2] The prosecutor stated: " . . . Angel [Virgen] testified to how terrified she was of the defendant. Not only because of the threat, but because of his reputation and because of the way he was acting that day, how aggressively he was acting. . . . It goes to her *sustained* fear. It goes to justifying how afraid she was of the defendant at this time and why she asked him to leave."

4

appellant returned to her house after threatening to shoot her, she was still afraid of him. Appellant returned more than 15 minutes after the initial threat. "Fifteen minutes of fear of a defendant who is armed, mobile, and at large, and who has threatened to kill the victim . . . , is more than sufficient to constitute 'sustained' fear for purposes of this element of section 422." (*People v. Allen* (1995) 33 Cal.App.4th 1149, 1156.) Virgen had good reason to be in sustained fear of appellant. She testified that he was "known for being real violent and doing things to people."

*Sufficiency of the Evidence: Active Participation in a Criminal Street Gang*

Appellant argues that the evidence is insufficient to support his conviction for violating section 186.22, subdivision (a) because the People failed to show "that two members of the Colonia Chiques participated in the commission" of either the assault with a deadly weapon against Pineda or the making of a criminal threat against Virgen. "[S]ection 186.22(a) reflects the Legislature's carefully structured endeavor to punish active participants [in a criminal street gang] for commission of criminal acts done *collectively* with gang members." (*People v. Rodriguez* (2012) 55 Cal.4th 1125, 1139.) A gang member does not violate section 186.22(a) when he acts alone in committing a crime. (**Ibid**.) CALCRIM No. 1400, which was given to the jury, provides: "At least two members of the same gang must have participated in committing the felony offense. The defendant may count as one of those members if you find that the defendant was a member of the gang."

"In assessing a claim of insufficiency of evidence, the reviewing court's task is to review the whole record in the light most favorable to the judgment to determine whether it discloses substantial evidence - that is, evidence that is reasonable, credible, and of solid value - such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt." (*People v. Rodriguez* (1999) 20 Cal.4th 1, 11.) "[W]e resolve all conflicts and draw all reasonable inferences" in support of the judgment. (*People v. Mackey* (2015) 233 Cal.App.4th 32, 121.)

Substantial evidence supports the jury's finding that "Flash," a Colonia Chiques gang member, participated in committing the felony offenses. When appellant returned to Virgen's house, Flash was with him. Flash must have heard appellant say "Fuck that bitch"

while they were approaching the house. It is reasonable to infer that Flash was not a mere bystander but was present to assist appellant in seeking revenge for Virgen's "disrespectful" conduct. Virgen testified that, during the incident, Flash was "right next to [appellant]." When appellant tried to enter the house after Virgen had fled inside, Flash was "close to him or following him." Flash and appellant both left the scene after the stabbing.

*Abstract of Judgment*

The Abstract of Judgment contains two clerical errors that neither party has raised. For the criminal threat conviction (count 3 - § 422), the court imposed a consecutive indeterminate term of 25 years to life. The Abstract of Judgment does not show that the term is consecutive. In the section concerning enhancements for prior convictions or prison terms, the last row correctly shows that on count 3 a five-year enhancement was imposed for a prior serious felony conviction within the meaning of section 667, subdivision (a)(1). But the five-year term is omitted from the "Total" column on the right-hand side. Because of this omission, we initially read the Abstract of Judgment as showing an aggregate term of 81 years to life instead of the 86-year-to-life term imposed by the court.

*Disposition*

The judgment is affirmed. The trial court is directed to correct the clerical errors in the Abstract of Judgment as discussed in the above section entitled "*Abstract of Judgment*." The court is further directed to transmit a certified copy of the corrected Abstract of Judgment to the Department of Corrections and Rehabilitation.

NOT TO BE PUBLISHED.


YEGAN, J.

We concur:


GILBERT, P. J.


PERREN, J.

6

Nancy Ayers, Judge

Superior Court County of Ventura

_____

Wayne C. Tobin, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Paul M. Roadarmel, Jr. , Supervising Deputy Attorney General, David F. Glassman, Deputy Attorney General, for Plaintiff and Respondent.